## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## AQUABROM, DIVISION OF GREAT LAKES CHEMICAL CORP., as successor to Bromine Division, Drug Research, Inc.; Tesco Chemicals, Inc., Respondents.

### No. 77–1732.

United States Court of Appeals, Sixth Circuit.

Dec. 1, 1988.

James A. Rydzel, Jones, Day, Reavis, & Pogue, Cleveland, Ohio, Lawrence Scoville (argued), Suanne Trimmer, Clark, Klein and Beaumont, Detroit, Mich., Robert Brigham, West LaFayette, Ind., for respondents.

Bernard Jeweler, Contempt Litigation, Elliott Moore, Paul Spielberg, Deputy Associate Gen. Counsel, N.L.R.B., Karen Cordry (argued), Washington, D.C., Bernard Gottfried, Director Region 7, N.L.R.B., Detroit, Mich., William Bernstein, for petitioner.

Before: JONES, WELLFORD and GUY, Circuit Judges.

### ORDER

The National Labor Relations Board ("the Board") having moved this Court to clarify and amend its order adjudging respondents Aquabrom, Division of Great Lakes Chemical Corp., as successor to Bromine Division, Drug Research, Inc. and Tesco Chemicals, Inc. (collectively referred to as "Great Lakes") in civil contempt for refusing to comply with this Court's judgment of May 23, 1980, and the Court being fully advised and finding good cause therefor, it is hereby

ORDERED that the Court's prior order in this matter issued on August 24, 1988, 855 F.2d 1174, is clarified and amended to read as follows:

It is ordered that the Board's finding that Great Lakes is Bromine's successor be affirmed in all respects, and, consistent therewith, that the Special Master's recommendation that Great Lakes be adjudged in civil contempt of this Court's May 23, 1980 judgment, be adopted.

It is further ordered that Great Lakes is hereby adjudged in civil contempt of this Court for violating and disobeying the aforesaid judgment.

It is further ordered that Great Lakes, its officers, agents, successors and assigns, including such other division, branch or subsidiary of Great Lakes as may now be operating the former Bromine plant located in Adrian, Michigan, shall purge themselves of such contempt by:

(a) Fully complying with and obeying the judgment of May 23, 1980, by bargaining collectively in good faith with the certified Union as the representative of the employees in the appropriate unit for one full certification year commencing on the initial meeting date set forth in (b) below. Thereafter, the respondent shall continue to bargain in good faith with the Union until such time as the respondent can rebut the presumption of the Union's representative status. Additionally, Great Lakes shall bargain in the manner set forth in (b) below, for a period not to exceed six months, or until a full agreement or *bona fide* impasse is reached, whichever occurs sooner, and if any understanding is reached, such understanding shall be embodied in a signed agreement.

(b) Proceeding with the officials of the Union to set an initial meeting date, not to exceed 15 days from entry of this order, and thereafter proceeding to bargain for the aforesaid period

at regular and reasonable intervals, unless the respondents and the Union otherwise mutually agree in writing. The existence of a *bona fide* impasse shall be reported to the Special Master who shall endeavor to resolve it. In no event shall respondents unilaterally refuse to meet with the Union at regular and reasonable intervals, not to exceed 30 days, or withdraw recognition from the Union during said period as collective bargaining representative without further order of the Court.

(c) Immediately posting copies of the attached Notice to Employees, as amended by the agreement of the parties, in conspicuous places in the Adrian, Michigan plant, including all places where notices to employees customarily are posted, for a period of 60 consecutive days, said Notices to be maintained in clearly legible condition throughout such posting period, and respondents shall assure that they are not altered, defaced or covered by any other material.

(d) Interim written status reports signed by respondents shall be filed with the Special Master, with copies mailed to the Director of the Board's Seventh Region and the Union, at least on a monthly basis.

At the end of the six month period the Special Master shall make a finding as to whether or not respondents have purged themselves of contempt by complying with and obeying the judgment of May 23, 1980. The Special Master shall thereupon certify such finding to the Court.

In order to insure compliance with the foregoing provisions, it is further ordered that in the event of failure of the respondents to purge themselves of contempt as herein provided, this Court shall impose an appropriate fine on the respondents and may take further steps by fine or otherwise to assure compliance in the future.

ENTERED BY ORDER OF THE COURT.